UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA VALERIA HARRISON,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, INC.; BANK OF AMERICA SHORT-TERM DISABILITY PLAN; and BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE,

Defendants.

Case No. C18-903 RSM

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on cross motions filed by Plaintiff Maria Valeria Harrison and Defendants Metropolitan Life Insurance Company, Inc., Bank of America Short Term Disability Plan, and Bank of America Corporation Corporate Benefits Committee ("MetLife") based on an administrative record created in an underlying Employee Retirement Income Security Act ("ERISA") dispute. Dkts. #17 and #18. Plaintiff brings this action under ERISA, 29 U.S.C. § 1001 *et seq.* to recover short-term disability ("STD") benefits through the Bank of America Short-Term Disability Plan (the "Plan"). Ms. Harrison, who works for Bank of America, argues she was disabled under the terms of the STD Plan due to complications from a traumatic childbirth rendering her unable to perform her job duties. *See* Dkt. #18 at 11-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR JUDGMENT - 1

13. MetLife denied her claim because she submitted it within 23 days instead of within 15 days as required under the Plan. MetLife denied her appeal citing a lack of evidence demonstrating loss of cognitive function justifying the late claim. For the reasons set forth below, the Court concludes that Ms. Harrison is entitled to short-term disability benefits under the terms of the Plan. The Court remands to Defendant Met Life for further proceedings consistent with this Order.

## II. PROCEDURAL ISSUES

The parties have filed cross-motions under Rule 52 and Rule 56. Before diving into the facts and legal arguments of this case, the Court must determine under which rule to resolve the parties' dispute. The answer depends on the standard of review applied by the Court. ERISA benefit determinations are reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the default standard of review is for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 109 S. Ct. 948 (1989). Here, the parties agree that the abuse of discretion review applies because the Plan grants Met Life that discretionary authority. *See* Dkt. #17 at 12–13; Dkt. #18 at 15. The court accepts the parties' analysis and reviews the record for an abuse of discretion.

The Ninth Circuit has stated that when review is for abuse of discretion, analysis under Rule 56 is appropriate. *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 706 (9th Cir. 2012) (citing *Nolan v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009)); *see also Bartholomew v. Unum Life Ins. Co. of Am.*, 588 F. Supp. 2d 1262, 1265-66 (W.D. Wash. 2008). However, "[w]here the decision to grant or deny [ERISA] benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact

exists, do not apply." *Bartholomew*, 588 F. Supp. 2d at 1266 (citing *Bendixen v. Standard Insurance Co.*, 185 F.3d 939 (9th Cir. 1999)).

### III. BACKGROUND

The parties agree on many of the basic facts here. Ms. Harrison is qualified to bring a claim under the Plan. The only real issue is whether Ms. Harrison had an acceptable reason for filing a late claim as required under the terms of the Plan. Accordingly, the background facts below are significantly abbreviated.

Bank of America sponsors its own ERISA-governed STD benefits plan (the "Plan") for its employees. Dkt. #15 (Administrative Record) at MET.HAR000719. MetLife administers claims made under the Plan. MET.HAR000721. MetLife's duties as administrator include determining eligibility for benefits, evaluating claims, determining disability status, reviewing adverse claim determinations, and managing other aspects of the Plan. MET.HAR000721-725.

The agreement between MetLife and Bank of America explicitly names MetLife as the ERISA Claims Review Fiduciary. MET.HAR000721. The agreement makes MetLife's determinations binding, and grants MetLife the discretion to construe Plan terms. MET.HAR000721.

The Plan provides STD benefits for employees who are disabled for up to twenty-six weeks. MET.HAR000396. The Summary Plan Description sets out the procedure that an employee must follow to file a STD benefit claim. MET.HAR000395. Employees must contact their managers and alert them of their leave, and must contact Metropolitan Life "to initiate a claim no later than 15 calendar days after the date of disability." MET.HAR000395. Employees must contact MetLife by phone and provide: (i) the date of the last day worked; (ii) the first date of disability; (iii) the date of first treatment for the condition; (iv) the nature of the

disability; (v) an expected return-to-work date; and (vi) the treating provider's name, address and telephone number. *Id*. The Plan states that:

> If you don't report a claim within 15 calendar days after the date of disability, your claim for STD benefits will be denied, unless claim initiation isn't practical because of circumstances such as a loss or impairment of cognitive function. It's ultimately your responsibility to meet the 15-day deadline (reporting requirement).

MET.HAR000396 (emphasis in original). The Plan allows for application of STD benefits for maternity leave. MET.HAR000397.

Ms. Harrison is a Quality Analyst for Bank of America in Seattle, Washington, where she monitors and evaluates the quality of inbound and outbound telephone calls. MET.HAR000774. She has been employed with Bank of America since 2013. MET.HAR000929. Harrison became pregnant and continued working until June 27, 2017, the same day she gave birth. MET.HAR000778. MetLife determined this to be the start date of her leave and disability. MET.HAR000759, 773.

Ms. Harrison's labor and delivery were prolonged, difficult and without epidural anesthetic. MET.HAR000819-21. Ms. Harrison's medical providers made four separate and unsuccessful attempts to insert the epidural needle into her spinal column. *Id*. These attempts caused Ms. Harrison to lose spinal fluid, leading to severe headaches. *Id*. Ms. Harrison was also diagnosed with PTSD and post-partum anxiety. *Id*. Ms. Harrison was physically unable to sit up in bed after returning home from the hospital following childbirth. *Id*.

Knowing that she was covered under the Plan, Ms. Harrison applied for benefits. However, she did not report her disability claim until July 20, 2017. MET.HAR000834. The deadline to request STD benefits was July 12, 2017, or fifteen days after her last day of work, pursuant to the Plan's contractual deadline. MET.HAR000397.

MetLife determined that her claim was untimely and denied it on July 31, 2017, informing her of this reason. MET.HAR000834. In this initial denial letter, MetLife invited Ms. Harrison to appeal and "submit evidence" that she was unable to initiate her claim "due to circumstances such as a loss or impairment of cognitive function." MET.HAR000834. The letter also included the standard from the Plan "that timely leave initiation was not practical because of circumstances such as a loss or impairment of cognitive function." *Id*. Ms. Harrison filed an administrative appeal and MetLife conducted an investigation.

The parties point to specific subsequent facts from the record. MetLife points to the fact that Ms. Harrison stated in her appeal letter that "[i]f I would have known that I only had 15 days to report the leave I would've had someone call, but I didn't know." MET.HAR000828. Ms. Harrison also wrote that her birth was complicated by a pinched spinal cord, leaking spinal fluid, and a period of healing lasting over two weeks. *Id*. She wrote that she was bedridden and in pain. *Id*. MetLife points to documents in the record showing its efforts to contact Ms. Harrison's treating physician, Dr. Paige Kasai, who submitted a letter to MetLife describing Harrison's difficult birth, PTSD, and Dr. Kasai's opinion that it was "reasonable" for Harrison not to make her claim for short-term benefits in a timely manner. MET.HAR000791. Because Dr. Kasai had changed offices, MetLife was ultimately unable to reach her. MetLife did receive confirmation that Ms. Harrison was treated for depression, anxiety, and headaches and was referred to behavioral health for additional medical treatment. *See* MET.HAR000779-780. At no point did MetLife receive confirmation that Ms. Harrison had "cognitive impairment" relating to the birth. MetLife determined that there was insufficient evidence of cognitive impairment and denied the appeal. MET.HAR000773; *see also* MET.HAR000797 (review by independent physician consultant).

After the denial, Ms. Harrison filed this case on June 20, 2018. Dkt. #1.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR JUDGMENT - 5

## IV. ANALYSIS

### A. Legal Standards

An administrator abuses its discretion only if 1) it renders a decision without explanation, 2) construes plan terms such that they conflict with the plain language of the plan, or 3) relies on clearly erroneous factual findings. *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Findings of fact are clearly erroneous only when the reviewer is left with a firm and abiding conviction that a mistake has been made. *Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993). An administrator's decision will be upheld if "if it is based upon a reasonable interpretation of the plan's terms and was made in good faith." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 405 (9th Cir. 1997).

### B. Whether MetLife Abused its Discretion

The Plan allows Ms. Harrison to file her application for STD benefits more than 15 days after the date of disability if "claim initiation isn't practical because of circumstances such as a loss or impairment of cognitive function." Ms. Harrison focuses on the word "practical" and the phrase "such as." Indeed, these are important words. The Court looks first to the actual language of the Plan, interpreted "in an ordinary and popular sense as would a person of average intelligence and experience." *Tapley v. Locals 302 & 612 of Int'l Union of Operating Engineers-Employers Const. Indus. Ret. Plan*, 728 F.3d 1134, 1140 (9th Cir. 2013) (citing *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007)). The Court agrees that "practical" does not mean "possible," but refers to reasonableness. *See Lloyd v. Motor Vehicle Acc. Indemnification Corp.,* 27 A.D.2d 396, 397 (N.Y. App. Div. 1967) ("The term, as soon as practical, requires that notice be given within a reasonable time under all of the circumstances"). The phrase "such as" clearly indicates that a loss or impairment of cognitive

function is not *required* for a late filing, and that similar circumstances making claim initiation impractical must also be considered. To *require* cognitive impairment improperly misconstrues the plain language of the Plan to impose an additional barrier for benefits. This is a valid basis for finding an abuse of discretion. *See Dresel v. Pension Plan of Pac. Nw. Labs*, 708 Fed. Appx. 326, 327 (9th Cir. 2017).

Here, the Court finds that Ms. Harrison has presented significant evidence that it was not practical for her to file her claim within 15 days of her disability, as she was unable to get out of bed and suffering from headaches due to complications from pregnancy. She has also presented evidence that she suffered from PTSD and post-partum anxiety. MetLife abused its discretion when it failed to consider this evidence as to the question of the timeliness of her claim, and abused its discretion when it erroneously *required* evidence of a loss of impairment of cognitive function. The Plan does not require such evidence for an untimely claim. MetLife focuses on Ms. Harrison's statement that she would have filed her application sooner if she had known the deadline; this is not dispositive. It may have been *possible* but not *practical* for her to do so, and the statement was made while in the same document explaining that her physical symptoms prevented her from filing her claim. Even if she had known to file within 15 days, at what point was it practical for her to do so? MetLife has not considered this question. Does the Plan require Ms. Harrison to find someone else to quickly file on her behalf when she is bedridden, suffering from headaches and postpartum anxiety, while presumably also responsible for caring for her newborn child? Ms. Harrison is correct that MetLife abused its discretion by misreading the Plan and denying her claim under the wrong standard. *See* Dkt. #23 at 11-12. Accordingly, the Court will deny MetLife's Motion, grant Ms. Harrison's Motion, and remand to MetLife for further consideration consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR JUDGMENT - 7

## V. CONCLUSION

Having reviewed Plaintiff's and Defendant's cross motions, the responses in opposition thereto and replies in support thereof, the Court hereby FINDS and ORDERS:

1) Defendant's Motion for Judgment under Federal Rule of Civil Procedure 52 (Dkt. #17) is DENIED.

2) Plaintiff's Motion for Summary Judgment (Dkt. #18) is GRANTED. The Court REMANDS to MetLife to process Ms. Harrison's claim consistent with the rulings above.

3) <u>No later than fourteen (14) days from the date of this Order</u>, Plaintiff shall file a Motion for Attorney's Fees, noting it for consideration pursuant to this Court's Local Rules. The motion shall be supported by documentary evidence reflecting the amount of fees sought and the appropriate hourly rate, and shall include argument as to the authority upon which such fees may be granted and why such fees are reasonable. Defendant shall file any Response in accordance with the Local Rules, and Plaintiff may file a Reply in accordance with the same.

4) This matter is now CLOSED.

DATED this 27th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE